# IN THE COURT OF APPEALS OF IOWA

No. 22-0775
Filed July 20, 2022

**IN THE INTEREST OF Z.K. and L.K.,**
**Minor Children,**

**D.R., Mother**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights to these two children. **AFFIRMED.**

Barbara O. Hoffman, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Nancy Pietz, Des Moines, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This is a termination-of-parental-rights proceeding. The family came to the attention of the Iowa Department of Human Services (DHS) due to domestic violence between the parents. Following nearly two years of voluntary DHS involvement, the children were removed from the parents' custody. After the juvenile court became involved, services were provided for an additional year. Although the juvenile court eventually terminated the rights of both parents, only the mother appeals. Accordingly, we focus on her.

There were several concerns regarding the mother's ability to parent that persisted throughout the case, namely substance abuse, mental health, stability, and consistency. The mother tested positive for methamphetamine and marijuana shortly before the children's removal and placement in foster care. Although she tested negative for drugs after the initial positive test, she failed to engage in any substance-abuse treatment. The mother also admitted to having mental-health issues, so she was ordered to undergo treatment. However, she failed to do so until a couple weeks before the termination hearing.

Due to the substance-abuse and mental-health concerns, the mother's visitation was fully supervised at first. Even with fully supervised visits, concerns remained about her ability to safely supervise the children and keep her home clean. There were also consistency concerns, as the mother failed to attend numerous visits.

After breaking up with the children's abusive father, the mother began a relationship with a new man who had his own substance-abuse and violence concerns. The mother and this new man have a child together. That child is not

the subject of these proceedings, but that child was also removed from the mother's custody.

Eventually, after the children who are the subject of this case were adjudicated as children in need of assistance, the juvenile court entered a permanency order directing the State to initiate termination-of-parental-rights proceedings against the parents.[1] The State did so. As the termination hearing approached, upon finding that the mother had begun participating in "some services," the juvenile court continued the hearing for nearly two months to give the mother additional time to show progress. When she failed to do so, the termination hearing was held—nearly four months after the originally scheduled hearing.

The juvenile court ultimately terminated the mother's parental rights to these two children. The mother appeals.

## I.    Standard of Review

We review termination-of-parental-rights matters de novo.[2] We give weight to the juvenile court's findings of fact and credibility determinations, but we are not bound by them.[3] Clear and convincing evidence must support the grounds for termination.[4]

## II.    Analysis

The mother raises two issues on appeal. She contends the State failed to

---

[1] *See* Iowa Code § 232.104(2)(c) (2021) (providing as one of the permanency options available to the juvenile court to "[d]irect the county attorney or the attorney for the child to institute proceedings to terminate the parent-child relationship").
[2] *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).
[3] *In re Z.P.*, 948 N.W.2d at 522–23.
[4] *In re Z.P.*, 948 N.W.2d at 523.

prove statutory grounds for termination and the State failed to make reasonable efforts toward reunification by giving her additional visitation.

### A. Statutory Grounds

The juvenile court terminated the mother's rights on a single ground. That ground is the one covered by Iowa Code section 232.116(1)(h). In spite of the fact the juvenile court only terminated the mother's rights under paragraph (h), the mother raises challenges to termination under section 232.116(1)(e) and (h). As the juvenile court did not terminate the mother's rights under subsection (e), we do not address that ground. Instead, we limit our discussion to paragraph (h).

Iowa Code section 232.116(1)(h) permits termination of a parent's rights to a child upon clear and convincing proof that:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother concedes that the State proved the first three elements. She challenges only the fourth element, contending the children could have been returned to her custody at the time of the termination hearing.[5]

Following our de novo review of the record, we agree with the juvenile court that the children could not be safely returned to the mother's custody. The DHS

---

[5] *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (interpreting "at the present time" to mean at the time of the termination hearing).

was involved with this family for nearly two years before the children were removed from the parents' custody. Services were provided for an additional year after removal. Despite these services, the problems that were present at the start persisted through the time of termination. The mother continued to exhibit poor parental decision-making and a lack of protective capacity. She missed numerous visits with the children, often citing a failure to wake up on time to confirm for the visits. Her visits remained supervised, as there were cleanliness and safety concerns within the home during visits. She continued to remain involved and living with an individual with an extensive and recent criminal history with substance-abuse and violence concerns of his own.[6] The mother also continued to exhibit an inability to identify safe caretakers for the children. In spite of admitting that she had mental-health issues and being ordered to address them, the mother had just begun seeking mental-health treatment a few weeks before the termination hearing.[7] At the hearing, the mother could not even identify the reasons behind DHS involvement and the children's removal.[8] We agree that the

---

[6] *See In re M.W.*, 876 N.W.2d 212, 223 (Iowa 2012) (finding continued dysfunctional relationships as a basis for finding a child cannot be returned to a parent's custody).

[7] *See In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases and finding failure to meaningfully address mental-health issues to be a valid basis for terminating parental rights); *see also In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding efforts "of very recent origin" to be an unpersuasive "eleventh hour attempt to prevent termination"); *In re K.A.*, No. 20-0979, 2020 WL 5946114, at *2 (Iowa Ct. App. Oct. 7, 2020) ("[E]leventh hour attempts do not warrant an extension of time or prevent termination of [parental] rights.").

[8] *See In re D.D.*, 955 N.W.2d 186, 193 (Iowa 2021) (highlighting the danger associated with a parent who refuses to acknowledge risks to the children by noting, "It's folly to think the mother will stand sentinel to protect against a foe she doesn't acknowledge exists").

children could not be returned safely to the mother's custody at the time of the termination hearing.

**B.      Reasonable Efforts**

The mother contends the State failed to make reasonable efforts to reunite her with the children prior to termination.  However, this argument is not preserved for our review because the mother failed to raise it in the juvenile court.[9]  Due to the mother's failure to preserve error, her reasonable-efforts argument is not before us for review.  Nevertheless, we note the juvenile court made findings at each stage leading to termination that reasonable efforts had been made.  Following our de novo review, we agree with those findings and conclude reasonable efforts toward reunification were made.   The failure to achieve reunification was a result of the mother's actions and inaction, not a lack of effort by the DHS or other service providers.

**III.     Conclusion**

The State proved a ground for termination of the mother's parental rights. The mother's challenges to the reasonableness of the efforts made by the State to achieve reunification are not preserved for our review.  As a result, we affirm the juvenile court's decision to terminate the mother's parental rights.

**AFFIRMED.**

---

[9] *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").